UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-663-FDW
(3:06-cr-456-FDW-1)

| | | |
|---|---|---|
| TARVIS LEVITICUS DUNHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.  BACKGROUND**

On August 10, 2007, Petitioner pled guilty in this Court to Assault with a Deadly Weapon During a Bank Robbery, in violation of 18 U.S.C. § 2113(d), Larceny of a Motor Vehicle by Force or Violence, in violation of 18 U.S.C. § 2119, and Use of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). The probation office prepared a Presentence Investigation Report, finding that Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense, including a 2002 federal bank robbery conviction, and a 2002 North Carolina conviction for indecent liberties with a child, that qualified him as a career offender under U.S.S.G. § 41B.2.

Based on the career-offender enhancement, Petitioner faced an advisory Sentencing

1

Guidelines range of 272 to 310 months imprisonment, which included a mandatory, 84-month consecutive sentence for the 18 U.S.C. § 924(c)(1) conviction. The Court imposed a total aggregate sentence of 300 months. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on appeal. United States v. Dunham, 326 F. App'x 206, 207 (4th Cir. 2009) (unpublished).

On June 14, 2016, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255, raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). (Civ. No. 3:16cv341, Doc. No. 1). On January 2, 2018, this Court denied Petitioner's claim on the merits with prejudice. (Id., Doc. No. 15). Petitioner placed the instant motion to vacate in the prison system for mailing on December 8, 2018, and it was stamp-filed in this Court on December 12, 2018. Petitioner contends in the motion to vacate that he is entitled to relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018), issued on April 17, 2018.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, Petitioner filed a prior motion to vacate, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:06-cr-456-FDW-1, and the Court denied Petitioner's motion to vacate on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Petitioner has not shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 17, 2018

Frank D. Whitney
Chief United States District Judge